UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v.-<br><br>SHONDELL WALKER,<br>                        Defendant. | 23 Cr. 00273 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

The Court is in receipt of Defendant's CJA financial affidavit submitted pursuant to the Court's February 12 and February 20, 2024 Orders (ECF Nos. 10, 11). The as-filed affidavit is inscrutable, precluding the Court from determining—as it must—whether Defendant remains entitled to the appointment of counsel.

By no later than **March 5, 2024**, Defendant is ORDERED to complete and file the attached CJA Financial Affidavit in clear, legible form. Defendant must ensure that all applicable sections of the Affidavit are completed. Whether Mr. Siegel may continue representing Defendant in this matter depends on the timely and proper submission of the Affidavit. *See* S.D.N.Y. CJA Plan § VI.D (providing that, under certain circumstances when conducting a "redetermination of eligibility [for] . . . . the appointment of counsel[,] . . . the Court may, as the interests of justice dictate, [] terminate the appointment of counsel").

Should Defendant fail to comply with his obligation to submit the Financial Affidavit as described in this Order, then the Court will schedule a hearing to determine whether he remains financially eligible for the appointment of counsel. *See id.* § VI.C ("The information upon which the determination shall be made shall be provided by [Defendant] either: 1) by affidavit sworn to before a district judge . . . ; or 2) under oath in open court before a district judge[.]"). At any

such hearing, the Court will require Defendant to testify to his finances and to bring records reflecting his income, assets, expenses, and other matters relevant to the Court's determination.

    SO ORDERED.

Dated: February 27, 2024
       New York, New York

                                            JENNIFER H. REARDEN
                                            United States District Judge

# FINANCIAL AFFIDAVIT
IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

**IN THE UNITED STATES**  ☐ DISTRICT COURT   ☐ COURT OF APPEALS   ☐ OTHER *(Specify Below)*

IN THE CASE OF _____ V. _____

FOR _____
AT _____

LOCATION NUMBER

PERSON REPRESENTED *(Show your full name)* _____

1 ☐ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)* _____

DOCKET NUMBERS
Magistrate Judge
District Court
Court of Appeals

CHARGE/OFFENSE *(Describe if applicable & check box→)*   ☐ Felony   ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**
Do you have a job?  ☐ Yes  ☐ No
**IF YES,** how much do you earn per month? _____ Will you still have a job after this arrest?  ☐ Yes  ☐ No  ☐ Unknown

**PROPERTY**
Do you own any of the following, and if so, what is it worth?

| | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|
| Home | $_____ | _____ |
| Car/Truck/Vehicle | $_____ | _____ |
| Boat | $_____ | _____ |
| Stocks/bonds | $_____ | _____ |
| Other property | $_____ | _____ |

**CASH & BANK ACCOUNTS**
Do you have any cash, or money in savings or checking accounts?  ☐ Yes  ☐ No  **IF YES,** give the total approximate amount after monthly expenses  $_____

**OBLIGATIONS, EXPENSES, & DEBTS**

How many people do you financially support? _____

| BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|
| Housing | $_____ | $_____ |
| Groceries | $_____ | $_____ |
| Medical expenses | $_____ | $_____ |
| Utilities | $_____ | $_____ |
| Credit Cards | $_____ | $_____ |
| Car/Truck/Vehicle | $_____ | $_____ |
| Childcare | $_____ | $_____ |
| Child Support | $_____ | $_____ |
| Insurance | $_____ | $_____ |
| Loans | $_____ | $_____ |
| Fines | $_____ | $_____ |
| Other | $_____ | $_____ |

I certify under penalty of perjury that the foregoing is true and correct.

_____
SIGNATURE OF DEFENDANT (OR PERSON SEEKING REPRESENTATION)

_____
Date

☐ APPROVED   ☐ DENIED

_____
FD/CJA/RET. ATTORNEY                    (PRINT)

_____
ASSISTANT UNITED STATES ATTORNEY        (PRINT)

_____
SIGNATURE OF JUDICIAL OFFICER           DATE

## Instructions for CJA Form 23 Financial Affidavit

In every type of proceeding where appointment of counsel is authorized under 18 U.S.C. § 3006A(a) and related statutes, the United States magistrate judge or the court shall advise the person of their right to be represented by counsel and that counsel will be appointed if the person is financially unable to obtain counsel. Unless the person waives representation by counsel, the United States magistrate judge or the court, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent the individual.

Determination of eligibility for representation under the CJA is a judicial function, however the court may designate court employees to obtain or verify the facts relevant to the financial eligibility determination. Employees of law enforcement agencies, including the United States Attorney's Office, should <u>not</u> participate in the completion of the financial affidavit or seek to obtain information concerning financial eligibility from a person requesting the appointment of counsel. When practicable, employees of the federal public defender office should discuss with the person who indicates that he or she is not financially able to secure representation the right to appointed counsel and, if appointment of counsel seems likely, assist in completion of the financial affidavit.

Counsel must be appointed if the person seeking representation is "financially unable to obtain counsel." 18 U.S.C. §3006A(b). (While courts often use "indigency" as a shorthand expression to describe financial eligibility, indigency is not the standard for appointing counsel under the Criminal Justice Act.) In determining whether a person is "financially unable to obtain counsel," consideration should be given to the cost of providing the person and his or her dependents with the necessities of life, the cost of securing pretrial release, asset encumbrance, and the likely cost of retained counsel. The initial determination of eligibility must be made without regard to the financial ability of the person's family to retain counsel, unless their family indicates willingness and ability to do so promptly. Any doubts about a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time. For additional guidance, see the *Guide to Judiciary Policy*, Volume 7A, Guidelines for Administering the CJA and Related Statutes (*CJA Guidelines*).

The CJA Form 23 is not a required statutory form. It is an administrative tool used to assist the court in appointing counsel. When a colorable claim is asserted that disclosure to the government of a completed CJA 23 would be self-incriminating, the

court may not adopt an unconditional requirement that the defendant complete the CJA 23 before his application for appointment of counsel will be considered. To do so may place the defendant in the constitutionally untenable position of having to choose between his Sixth Amendment right to counsel and his Fifth Amendment privilege against self-incrimination. Two approaches that courts have taken to resolve these competing concerns are: (i) through *in camera* examination of the financial affidavit, which then would be sealed and not be made available for the purpose of prosecution, or (ii) through an adversarial hearing on the defendant's request for appointment of counsel, during which the court would grant use immunity to the defendant's testimony at the hearing.

Pursuant to Judicial Conference policy, financial affidavits seeking the appointment of counsel should not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access. If the financial affidavit is docketed it should be filed under seal. See, *Guide to Judiciary Policy,* Vol. 10, §340, Judicial Conference Policy on Privacy and Public Access to Electronic Case Files (March 2008) and Administrative Office of U.S. Courts Information Bulletin on Revised Judicial Conference Privacy Policy (May 2008).

For questions on the use of this form or instructions, please contact the Defender Services Office, Legal and Policy Division at 202-502-3030.